# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JERROD WOOD and DAMON PEARROW on Behalf of THEMSELVES and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BWS INSPECTION SERVICES, LLC,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

### I.   SUMMARY

1.   Plaintiffs Jerrod Wood and Damon Pearrow and the employees they seek to represent ("Class Members") are current and former employees paid on a day rate basis by Defendant BWS Inspection Services, LLC. ("Defendant"). Defendant knowingly and deliberately failed to compensate Plaintiffs and all other similarly situated workers at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act ("FLSA"). Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiffs, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week. Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and on behalf of all others similarly situated.

2.   Similarly, Defendant's conduct violates the laws of New Mexico. Plaintiff Pearrow worked for Defendant in New Mexico and was denied overtime wages by Defendant in New

Mexico. Consequently, Plaintiff Pearrow also brings this lawsuit under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. for failing to pay overtime wages for all hours worked over 40 in a workweek. Plaintiff Pearrow brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and on behalf of the class of similarly situated New Mexico workers.

3.  Plaintiffs seek to recover all unpaid wages, liquidated damages, penalties, costs, attorneys fees, and interest available under the law.

## II. SUBJECT MATTER JURISDICTION AND VENUE

4.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b). This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive. Namely, the failure of Defendant to pay overtime due to a common pay practice of misclassifying its workers paid on a day rate basis as exempt from overtime.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District, Defendant maintains its headquarters in this District, and the decision to pay Plaintiffs in the illegal manner described in this Complaint was made in this District.

## III. PARTIES AND PERSONAL JURISDICTION

6.  Plaintiff Jerrod Wood is an individual currently residing in Oklahoma. Plaintiffs' written consent to this action is attached hereto as Exhibit "A."

7.  Plaintiff Damon Pearrow is an individual currently residing in Arkansas. Plaintiff's written consent to this action is attached hereto as Exhibit "B."

8. The FLSA Class Members are all current and former employees of Defendant paid a day rate without overtime pay during the three year period prior to the filing of this Complaint to the present.

9. The New Mexico Class Members are all current and former employees of Defendant paid a day rate without overtime pay in New Mexico during the three year period prior to the filing of this Complaint to the present.

10. The FLSA Class Members and the New Mexico Class Members shall be collectively referred to as the "Class Members."

11. Defendant BWS Inspection Services LLC is a Texas Limited Liability Company. Said Defendant can be served with process by serving its registered agent, William B Reed at 1230 LCR 244, Mexia, TX 76667.

12. Defendant is subject to personal jurisdiction in Texas because it is a Texas business, maintains its principal place of business in Mexia, Texas, and the members that form the limited liability company are in Texas.

## IV.   FACTS

13. Defendant operates in the oil and gas industry and performs inspection services. Specifically, Defendant provides the following inspection services to companies in the oil and gas industry:

- API Inspectors
- Construction Managers
- Chief Inspectors
- Civil Inspectors
- Cathodic Protection Inspectors

- NACE Coating Inspectors
- Material Proving (Material Integrity Reporting)
- Project Managers / Office Managers
- Production Facility Consultants

- Environmental Inspectors
- Gate Guards
- I&E Inspectors
- Integrity Inspectors
- Land Management

- Project Cost Analysis
- Quality Control Specialists
- Safety Inspectors
- Tank Inspectors
- Utility Inspectors
- Welding Inspectors

(http://www.bwsinspection.com/, last visited July 26, 2023).

14. To provide these services, Defendant employs hundreds of inspectors nationwide. Unfortunately, Defendant paid these workers on a day rate basis without any additional pay for hours worked over 40 in a workweek.

15. Plaintiff Wood worked for Defendant from approximately August 2021 to June 2022. He was paid on a day rate basis. However, part of his day rate was classified as wages and another part was illegally classified as a "per diem" that was not treated as wages. Plaintiff Wood worked for Defendant in Alabama.

16. Plaintiff Pearrow worked for Defendant in New Mexico and West Texas. He worked for Defendant from August 2019 to November 2020. Like Plaintiff Wood, he was paid on a day rate basis. Like Plaintiff Wood, part of his day rate was classified as wages and another part was illegally classified as a "per diem" that was not treated as wages. In particular, he was paid a day rate of approximately $650 per day but approximately $200 was illegally classified as a "per diem" that was not treated by Defendant was wages.

17. Defendant did not pay the Plaintiffs on a salary basis.

18. Instead, Defendant paid Plaintiffs a set day rate regardless of the number of hours they worked each day or each week. Defendant did not pay Plaintiffs a minimum, guaranteed amount each week.

19. Plaintiffs' compensation varied each week depending upon the number of days worked. Plaintiffs were not paid a guaranteed amount.

20. Plaintiffs regularly worked over 40 hours each week. However, when they worked more than 40 hours, they were not paid any overtime wages for those hours worked in excess of 40.

21. Defendant regularly scheduled the Plaintiffs to work 10-16 hours per day for a minimum of five to six days per week. As a result, Plaintiffs frequently worked in excess of 60 hours per week.

22. Like Plaintiffs, the Class Members were paid on a day rate basis. Like Plaintiffs, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

23. The Plaintiffs and Class Members were not exempt from the overtime requirements of the FLSA.

24. None of the white-collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiffs and the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

25. Instead, Plaintiffs and the Class Members were paid on a daily rate basis. In *Helix Energy Solutions Group, Inc. v. Hewitt*, the Supreme Court stated as follows:

> **The critical question here is whether [Plaintiffs] was paid on a salary basis under § 602(a) of the Secretary's regulations.** They agree that [Plaintiffs] was exempt from the FLSA only if he was a bona fide executive. They agree, as they must, that under the

> regulations, a high-income employee like [Plaintiffs] counts as an executive when (but only when) he is paid on a salary basis; the salary paid is at or above the requisite level ($455 per week); and he performs at least one listed duty. *See* §541.601[.] In denying executive status, [Plaintiffs] puts all his chips on that standard's first part: He argues only that he was not paid on a salary basis. . . . [Defendant] then narrows the issues still further. As described above, a worker may be paid on a salary basis under either §602(a) or §604(b). . . . But [defendant] acknowledges that [Plaintiffs'] compensation did not satisfy §604(b)'s conditions. That is because [defendant] did not guarantee that [Plaintiffs] would receive each week an amount (above $455) bearing a "reasonable relationship" to the weekly amount he usually earned. . . . So again, **everything turns on whether [defendant] paid [Plaintiffs] on a salary basis as described in §602(a). If yes, [Plaintiffs] was exempt from the FLSA and not entitled to overtime pay; if no, he was covered under the statute and can claim that extra money**.
>
> **The answer is no**. [Defendant] did not pay [Plaintiffs] on a salary basis as defined in § 602(a). **That section applies solely to employees paid by the week (or longer); it is not met when an employer pays an employee by the day**[.] Daily-rate workers, of whatever income level, are paid on a salary basis only through the test set out in §604(b) (which, again, [defendant's] payment scheme did not satisfy). Those conclusions follow from both the text and the structure of the regulations.

*Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677, 214 L. Ed. 2d 409, 421 (2023) (emphasis added) (affirming *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289 (5th Cir. 2021).

26. Further, the Department of Labor has stated that inspection work, of the type performed by Plaintiffs and the Class Members, is not subject to the administrative exemption. The FLSA's regulations state as follows:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29. C.F.R. 541.203(g).

27. Here, Plaintiffs and the Class Members were manual laborers who performed routine inspection work. The administrative exemption does not apply to manual laborers like Plaintiffs and the Class Members. *See* 29 C.R.R. § 541.3(a) (overtime exemptions do not apply to "'manual laborers' or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

28. Moreover, Plaintiffs and the Class Members performed work that was "service" related, which is distinct from "administrative" work. They worked outdoors performing oil and gas operations.

29. Furthermore, Defendant's act of classifying a portion of the Plaintiffs' and Class Members' compensation as a "per diem" violates the FLSA. This per diem did not provide reimbursement for any work-related expenses. Defendant paid the per diem regardless of whether or not the Plaintiffs and Class Members actually incurred travel, lodging, or other work-related expenses in a given week. Thus, the per diem paid to the Plaintiffs and Class Members must be included in the regular rate of pay. Even if the per diem did reimburse the Plaintiffs and Class Members for some expenses, the per diem was substantially greater than the actual or reasonable approximation of the Plaintiffs' and Class Members' expenses. Therefore, the per diem bore no reasonable relationship to actual expenses that were incurred. Defendant disguised this compensation as an expense reimbursement in order to avoid paying payroll taxes and to avoid including such compensation in the calculation of the overtime rate.

30. Defendant's method of paying Plaintiffs and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendant knew the requirement to pay overtime to its employees, but

intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

### V.  CAUSE OF ACTION

VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

31. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

32. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiffs and the Class Members overtime compensation.

33. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

34. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

35. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

36. Defendant has had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

37. At all material times, Plaintiffs and the Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

38. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which they are employed. *See* 29 U.S.C. § 207(a)(1).

39. Defendant's compensation scheme applicable to Plaintiffs and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

40. Defendant knowingly failed to compensate Plaintiffs and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

41. During all relevant times, Plaintiffs and the Class Members were covered employees entitled to the above-described FLSA protections.

42. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT
FAILURE TO PAY OVERTIME
(CLASS ACTION)

43. Plaintiff Pearrow incorporates by reference the allegations in the preceding paragraphs.

44. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continues to employ, "employees," including the New Mexico Class Members and Plaintiff Pearrow, within the meaning the NMMWA.

45. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

46. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

47. Plaintiff Pearrow brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of

action for Plaintiff Pearrow and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## VI. COLLECTIVE ACTION ALLEGATIONS

48. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

49. Plaintiffs brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant and were paid on a day rate basis within the three (3) years preceding the filing of this Complaint to the present.

50. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

51. Plaintiffs have actual knowledge, through observations of and conversations with their co-workers, that a class of similarly situated FLSA Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiffs worked with other employees at multiple locations for Defendant.

52. The Class Members are similarly situated to Plaintiffs in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

53. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual FLSA Class Members.

54. The experience of Plaintiffs, with respect to their employment classification and pay, is typical of other workers across Defendant's business.

55. The specific job titles or precise job responsibilities of each FLSA Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees on a day rate without overtime.

56. The FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

57. The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

58. Like Plaintiffs, all FLSA Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

59. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

60. Although the exact amount of damages may vary among the individual FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

61. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

62. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former employees paid on a day rate basis without overtime pay during the three year period prior to the filing of this Complaint to the present.**

## VII. RULE 23 CLASS ACTION ALLEGATIONS

63. Plaintiff Pearrow incorporates by reference the allegations in the preceding paragraphs.

64. Plaintiff brings his overtime claims as a Rule 23 class action on behalf of the following class:

> **All of Defendant's current and former employees paid on a day rate basis without overtime pay in New Mexico during the three year period prior to the filing of this Complaint to the present.**

65. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

66. The members of the class are so numerous that their individual joinder is impractical.

67. The identity of the members of the class is readily discernible from Defendant's records.

68. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

69. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the New Mexico Class Members were paid on a day rate basis;

   b. Whether Plaintiff and the New Mexico Class Members were exempt from overtime pay;

      c. Whether Plaintiff and the New Mexico Class Members worked hours in excess of forty hours per work week; and

      d. Whether Plaintiff and the New Mexico Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under New Mexico law.

70. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

71. Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid wages in accordance with New Mexico law just as it did with other New Mexico Class Members.

72. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

73. The class action under New Mexico state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the New Mexico Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex,

legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## VIII. PRAYER FOR RELIEF

74. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. Liquidated damages and penalties, as allowed under the FLSA and New Mexico law;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiffs and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:  /s/ Don J. Foty
    Don J. Foty
    dfoty@hftrialfirm.com
    Texas State Bar No. 24050022
    2 Greenway Plaza, Suite 250
    Houston, TX 77046
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFFS AND CLASS MEMBERS